UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNELIUS SINGLETON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2413 (EGS) |
| | ) **ECF** |
| EXECUTIVE OFFICE OF THE UNITED | ) |
| STATES ATTORNEYS[1] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, identified in the complaint as the Executive Office of the United States

Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), by and

through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 56(c), for

summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case, as no

records have been improperly withheld from Plaintiff and Defendant is entitled to judgment as a

matter of law.  In support of this motion, Defendant files the declaration of Anthony J. Ciccone,

Senior Attorney Advisor, FOIA/Privacy Staff, EOUSA, and accompanying index and exhibits.[2]

Defendant also submits the attached memorandum of points and authorities, statement of

material facts not in dispute, and proposed order.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the

declarations and other attachments in support of Defendant's motion will be accepted by the

---

[1]  Although Plaintiff's complaint specifically names the Executive Office of the United
States Attorneys, under the FOIA, the only proper defendant is the United States Department of
Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).
[2]Attached as Exhibit 1.

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir.

1992); see also Local Rule 7(h); Fed. R. Civ. P. 56(e). Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith. The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits. When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial. If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: May 9, 2006.

Respectfully submitted,

_/s/_____

KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney


_/s/_____

RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney


_/s/_____

MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNELIUS SINGLETON                      )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 ) Civil Action No. 05-2413 (EGS)
                                         )              **ECF**
EXECUTIVE OFFICE OF THE UNITED           )
STATES ATTORNEYS[1]                      )
                                         )
            Defendant.                   )
_____ )

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE

Pursuant to LCvR 7(h), Defendant Executive Office of the United States Attorneys

("EOUSA"), a component of the United States Department of Justice ("DOJ"), respectfully

submits this statement of material facts as to which there is no genuine dispute.  The attached

declaration of Anthony J. Ciccone, Senior Attorney Advisor, FOIA/Privacy Staff, EOUSA,

supports this statement.

1.      By letter dated October 26, 2005, Plaintiff requested from EOUSA "letters of

appointment and oath of office" for 13 individually named current and/or former Assistant

United States Attorneys ("AUSAs" or "prosecutors") in four different United States Attorneys'

Offices ("USAOs").  See Compl. ¶ 5, Exh. A; see also Decl. ¶ 6.  Plaintiff's October 26, 2005

request was received by EOUSA on November 8, 2005.  See Decl. ¶ 12.

2.      A standard form, known as an "Appointment Affidavit," is routinely executed by

_____

[1] Although Plaintiff's complaint specifically names the Executive Office of the United
States Attorneys, under the FOIA, the only proper defendant is the United States Department of
Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).

AUSAs to reflect their official government appointment and to attest to their oath of office.[2]

3.      United States Attorneys' case files and other records are generally maintained in over 100 USAOs located throughout the 94 federal judicial Districts.  Decl. ¶ 8.  Because Plaintiff specifically sought records from four different USAOs, his request was split by EOUSA into the following four request numbers for search and processing purposes according to each of the four identified USAOs:

> 06-174:  USAO-FLS (Southern District of Florida);
> 06-175:  USAO-NCW (Western District of North Carolina);
> 06-176:  USAO-DC (District of Columbia); and
> 06-177:  USAO-TNM (Middle District of Tennessee).

Decl. ¶ 8.  EOUSA directed Plaintiff's request to these four offices.  Id.

4.       Before EOUSA responded to Plaintiff's FOIA request, on November 29, 2005, Plaintiff filed the instant complaint in this Court.  See Compl.; see also Decl. ¶ 13.

5.      After receiving a copy of Plaintiff's complaint, Anthony J. Ciccone, Senior Attorney Advisor, FOIA/Privacy Staff, EOUSA, issued a memorandum dated February 7, 2006 advising the four USAOs of the litigation and requesting that they "[e]xpedite production of responsive documents."  Decl., Exhibits 2, 10, 17, 24.

6.      All four USAOs conducted both an initial and supplemental search, as detailed below, and the request was fully processed, responded to, and closed by the FOIA/Privacy Staff of EOUSA, the central point-of-contact for all EOUSA components and United States Attorneys' Offices with respect to FOIA/PA requests from the public.  Decl. ¶ 9.

---

[2]  See Standard Form 61, "Appointment Affidavit," showing position to which appointed and date of appointment; accord ¶ A ("Oath of Office:  I will support and defend the Constitution of the United States against all enemies . . ."); reproduced at www.opm.gov/forms/pdf_fill/SF61.pdf.

## REQUEST NO. 06-174 (USAO-FLS)

7.      Plaintiff's October 26, 2005 request was received by EOUSA on November 8,

2005, and designated Request No. 06-174 for search and processing purposes by the United

States Attorney's Office for the Southern District of Florida (USAO-FLS) with respect to

Plaintiff's request for "letters of appointment and oath of office" on seven prosecutors in that

USAO. Decl., Exhibit 1.

8.      In response to the request, a Human Resources Assistant in the USAO-FLS

conducted a search for the identified AUSAs in the District's personnel files, as reflected on

FOIA Form Nos. 010B, 036 and 041. Exhibit 3. Those forms reflect that the USAO conducted a

reasonable search for responsive records by means of a manual search of the District's personnel

records. Id.

9.      Upon EOUSA's receipt of records and the above-referenced forms from the

USAO-FLS, a paralegal specialist in EOUSA's FOIA/Privacy Staff was assigned to review the

District's proposed response to the request for compliance with the access and exemption

provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.

Decl. ¶ 16.

10.      After personally reviewing both the District's proposed response and the paralegal

specialist's analysis, Mr. Ciccone issued a letter dated March 15, 2006 forwarding the named

prosecutors' current Appointment Affidavits to the Requester, in full and without redaction, to

the extent that such responsive records were received from the USAO. Decl., Exhibit 4.

11.      Specifically, of the seven AUSAs for which the Requester sought records from the

USAO-FLS, four current Appointment Affidavits were released-in-full for AUSAs Maria J.

3

Beguiristain, William H. Bryan, III, Roger H. Stefin (whose name was misspelled "Steffin" in the request), and William C. White.  Decl., Exhibit 4.  No redactions were made and no exemptions were asserted as to these four pages of documents.  Id.

12.     As for the other three AUSAs for which the Requester sought records from the USAO-FLS, Mr. Ciccone's March 15, 2006 letter advised the Requester that no responsive USAO records could be located  because "AUSAs Capone, Brown, and Rosado  are no longer with the  USAO-FLS, although you may be able to obtain such records directly from the Federal Records Center . . . ."  Id.

13.     By facsimile dated April 5, 2006, Mr. Ciccone received a copy of Plaintiff's March 22, 2006 response to EOUSA's March 15, 2006 records release.  Decl., Exhibit 5. Plaintiff complained that he did not receive any "letters of appointment" in the March 15th release, stating, in pertinent part, as follows:

> On or about March 20, 2006, I received from [EOUSA] the Appointment Affidavits of the respective AUSA's attorneys I had requested and is the subject of the above styled matter.  I discern from the disclosure . . . that you will be representing to the court that full disclosure ha[s] been made.  I trust and hope that you will not represent such false representation to the court.  This is so, because, said agency ha[s] utterly failed to provide the respective letters of appointment detailing the tenure of the position or any extension that may have been granted over the tenure period.

14.     In order to address Plaintiff's concerns, and in an effort to minimize the pending issues, Mr. Ciccone issued another memorandum to the District, dated April 7, 2006, requesting it to conduct a supplemental search, on an expedited basis, for any responsive "letters of appointment" – notwithstanding that the previously released Appointment Affidavits reflect both the AUSA's appointment and oath of office.  Decl., Exhibit 6.

4

15.     The USAO-FLS then conducted a supplemental search for "letters of authority" on or about April 11, 2006, during which the District's FOIA contact (an Assistant United States Attorney) and a Human Resources Specialist conducted manual searches of District personnel files for the requested records, as reflected in FOIA Forms 036 and 041, which were forwarded to EOUSA for processing.  Decl., Exhibit 7.

16.     Upon EOUSA's receipt of the District material responsive to Plaintiff's request for "letters of authority," Mr. Ciccone personally reviewed it for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.  Decl. ¶ 23.

17.     Mr. Ciccone then issued to Plaintiff a letter dated April 26, 2006, releasing the "letters of appointment" that had been located by the District, subject to redaction of the affected AUSAs' home addresses pursuant to FOIA Exemption 6 and the Privacy Act, 5 U.S.C. §§ 552(b)(6) and 552a(b).  EOUSA's April 26, 2006 letter stated in pertinent part:

> This is a supplemental response to your above-referenced request. . . . After a prior search . . . , we previously released to you the available current oath(s) of office for the above-referenced Assistant United States Attorney(s) [i.e., the SF-61 Appointment Affidavit]. . . .  We understand that, by letter dated March 22, 2006, you subsequently advised counsel in <u>Singleton v. EOUSA</u>, Civil Action No. 05-2413 (D.D.C.), that you consider our prior release insufficient, because it did not include "letters of appointment" in addition to oaths of office.  Although we typically deem oaths of office more probative of AUSAs' authority than "letters of appointment" – which may, for example, be conditional upon successful drug testing and background investigation requirements – we asked the above-referenced USAO to conduct a supplemental search for the "letters of appointment" that you seek.

Decl., Exhibit 8 at 1.

18.     Specifically, EOUSA's April 26, 2006 supplemental release consisted of ten additional pages, of which eight pages were released in full, and two pages were redacted in part to protect the privacy of the home address of the affected AUSA.  The records released in full consisted of letters to the United States Attorney from DOJ confirming the appointment of the affected AUSA.  The redacted records, in contrast, consisted of letters from DOJ directly to an AUSA candidate's home address confirming a conditional appointment subject, e.g., to a successful background investigation and drug screening test.  Decl. ¶ 25.

### REQUEST NO.  06-175 (USAO-NCW)

19.     Plaintiff's October 26, 2005 request was received by EOUSA on November 8, 2005, and designated Request No. 06-175 for search and processing purposes by the United States Attorney's Office for the Western District of North Carolina (USAO-NCW) with respect to Plaintiff's request for "letters of appointment and oath of office" on three prosecutors in that USAO.  Decl., Exhibit 9.

20.     In response to the request, a Human Resources Officer in the USAO-NCW conducted a search for the identified AUSAs in the District's personnel files, as reflected on FOIA Form Nos. 010B, 036 and 041.  Decl., Exhibit 11.  Those forms reflect that the USAO conducted a reasonable search for responsive records by means of a manual search of the District's personnel records.  Id.

21.     Upon EOUSA's receipt of records and the above-referenced forms from the USAO-NCW, a paralegal specialist in our FOIA/Privacy Staff was assigned to review the District's proposed response to the request for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.

Decl. ¶ 31.

22.    After personally reviewing both the District's proposed response and the paralegal specialist's analysis, Mr. Ciccone issued a letter dated March 15, 2006 forwarding the named prosecutors' current Appointment Affidavits to the Requester, in full and without redaction, to the extent that such responsive records had been forwarded to EOUSA by the USAO. Decl., Exhibit 12.

23.    Specifically, of the three AUSAs for which the Requester sought records from the USAO-NCW, two current Appointment Affidavits were released-in-full for AUSAs Robert J. Higdon, Jr. and Jill W. Rose. Decl., Exhibit 12. No redactions were made and no exemptions were asserted as to these two pages of documents. Id.

24.    With regard to the other AUSA for which the Requester sought records from the USAO-NCW, Mr. Ciccone advised the Requester that no responsive USAO records could be located because "AUSA Ashburn is no longer with the USAO-NCW, although you may be able to obtain such records directly from the Federal Records Center. . . ." Id.

25.    By facsimile dated April 5, 2006, EOUSA received a copy of Plaintiff's March 22, 2006 response to EOUSA's March 15, 2006 records release. Decl., Exhibit 5. As stated above, Plaintiff complained about the lack of "letters of appointment" in the March 15th release. Id.

26.    In order to address Plaintiff's concerns, and in an effort to minimize the pending issues, Mr. Ciccone issued another memorandum to the District USAO, dated April 7, 2006, requesting that the USAO conduct a supplemental search, on an expedited basis, for any responsive "letters of appointment" – notwithstanding that the previously released Appointment Affidavits reflect both the AUSA's appointment and oath of office. Decl., Exhibit 13.

7

27.     On or about April 10, 2006, the USAO-NCW conducted a supplemental search for "letters of authority," during which the District's Human Resources Officer conducted a manual search of District personnel files for the requested records, as reflected in FOIA Forms 036 and 041, which were forwarded to EOUSA for processing.  Decl., Exhibit 14.

28.     Upon EOUSA's receipt of the District material responsive to Plaintiff's request for "letters of authority," Mr. Ciccone personally reviewed it for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.  Decl. ¶ 38.

29.     EOUSA then issued a letter to Plaintiff, dated April 26, 2006, releasing the "letters of appointment" that had been located by the District, subject to redaction of the affected AUSAs' home addresses pursuant to FOIA Exemption 6 and the Privacy Act, 5 U.S.C. §§ 552(b)(6) and 552a(b).  Decl., Exhibit 15.

30.     Specifically, EOUSA's April 26, 2006 supplemental release consisted of six additional pages, of which four pages were released in full, and two pages were redacted in part to protect the privacy of the home address of the affected AUSAs.  The records released in full consisted of letters to the United States Attorney from DOJ confirming the appointment of the affected AUSAs.  The redacted records, in contrast, consisted of letters from DOJ directly to two AUSA candidates' home addresses confirming a conditional appointment subject, e.g., to a successful background investigation and drug screening test.

## REQUEST NO.  06-176 (USAO-DC)

32.     Plaintiff's October 26, 2005 request was received by EOUSA on November 8, 2005, and designated Request No. 06-176 for search and processing purposes by the United

8

States Attorney's Office for the District of Columbia (USAO-DC) with respect to Plaintiff's request for "letters of appointment and oath of office" on two prosecutors in that USAO.  Decl., Exhibit 16.

33.    In response to the request, the Lead Paralegal and FOIA Specialist in the USAO-DC conducted a search, in conjunction with the Human Resources staff, for the identified AUSAs in the District's personnel files, as reflected on FOIA Form Nos. 010B, 036 and 041. Decl., Exhibit 18.  Those forms reflect that the USAO conducted a reasonable search for responsive records by means of a manual search of the District's personnel records.

34.    Upon EOUSA's receipt of records and the above-referenced forms from the USAO-DC, a paralegal specialist on EOUSA's FOIA/Privacy Staff was assigned to review the District's proposed response to the request for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures. Decl. ¶ 46.

35.    After personally reviewing both the District's proposed response and the paralegal specialist's analysis, Mr. Ciccone issued a letter dated March 15, 2006, forwarding the named prosecutors' current Appointment Affidavits to the Requester, in full and without redaction, to the extent that such responsive records had been forwarded to EOUSA by the USAO.  Decl., Exhibit 19.

36.    Specifically, of the two AUSAs for which the Requester sought records from the USAO-DC, one current Appointment Affidavit was released-in-full for AUSA John P. Dominguez.  Decl., Exhibit 19.  No redactions were made and no exemptions were asserted as to this one-page document.  Id.

9

37.    With regard to the other AUSA for which the Requester sought records from the USAO-DC, EOUSA advised Plaintiff that no responsive USAO records could be located because "AUSA O'Connor is no longer with the USAO-DC, although you may be able to obtain such records directly from the Federal Records Center. . . ."  Id.

38.    Upon EOUSA's receipt of Plaintiff's March 22, 2006 response to EOUSA's March 15, 2006 records release, in which Plaintiff complained about the lack of "letters of appointment" in the March 15th release, EOUSA issued another memorandum to the District, dated April 7, 2006, requesting it to conduct a supplemental search, on an expedited basis, for any responsive "letters of appointment" – notwithstanding that the previously released Appointment Affidavits reflect both the AUSA's appointment and oath of office.  Decl. ¶¶ 50-51, Exhibit 20.

39.    On or about April 10, 2006, the USAO-DC conducted a supplemental search for "letters of authority" during which the District's Human Resources Officer conducted a manual search of District personnel files for the requested records, as reflected in an electronic mail message dated April 10, 2006, which was forwarded to EOUSA for processing.  Decl. ¶ 52, Exhibit 21.

40.    Upon EOUSA's receipt of the District material responsive to Plaintiff's request for "letters of authority," Mr. Ciccone personally reviewed it for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.  Decl. ¶ 53.

41.    EOUSA then issued a letter to the Requester, dated April 26, 2006, releasing in full the "letter of appointment" that had been located by the District.  Decl., Exhibit 22.

10

42.     Specifically, EOUSA's April 26, 2006 supplemental release consisted of one additional page, a letter to the United States Attorney from Main Justice confirming the appointment of the affected AUSA, and the document was released in full to Plaintiff.  Decl. ¶ 55.

### REQUEST NO.  06-177 (USAO-TNM)

43.     Plaintiff's October 26, 2005 request was received by EOUSA on November 8, 2005, and designated Request No. 06-177 for search and processing purposes by the United States Attorney's Office for the Middle District of Tennessee (USAO-TNM) with respect to Plaintiff's request for "letters of appointment and oath of office" on one prosecutor in that USAO. Decl., Exhibit 23.

44.     In response to the request, the Paralegal Specialist and FOIA Contact in the USAO-TNM conducted a search for the identified AUSA in the District's personnel files, as reflected on FOIA Form Nos. 010B, 036 and 041.  Decl., Exhibit 25.  Those forms reflect that the USAO conducted a reasonable search for responsive records by means of a manual search of the District's personnel records.  Id.

45.     Upon EOUSA's receipt of records and the above-referenced forms from the USAO-TNM, a paralegal specialist on EOUSA's FOIA/Privacy Staff was assigned to review the District's proposed response to the request for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures. Decl. ¶ 61.

46.     After personally reviewing both the District's proposed response and the paralegal specialist's analysis, Mr. Ciccone issued a letter dated March 15, 2006 forwarding the named

prosecutor's current Appointment Affidavit to Plaintiff, in full and without redaction, to the extent that such responsive records had been forwarded to EOUSA by the USAO.  See Decl., Exhibit 26.

47.    Specifically, with respect to the one AUSA for which Plaintiff sought records from the USAO-TNM, one current Appointment Affidavit was released-in-full for AUSA Sunny A. M. Koshy.  Decl., Exhibit 26.  No redactions were made and no exemptions were asserted as to this one-page document.  Id.

48.    After EOUSA's March 15, 2006 records release, and after Plaintiff's March 22, 2006 response, in which Plaintiff complained about the lack of "letters of appointment" in the March 15th release, EOUSA issued another memorandum to the District, dated April 7, 2006, requesting it to conduct a supplemental search, on an expedited basis, for any responsive "letters of appointment" – notwithstanding that the previously released Appointment Affidavits reflect both the AUSA's appointment and oath of office.  Decl., Exhibit 27.

49.    The USAO-TNM then conducted a supplemental search for "letters of authority" on or about April 13, 2006, during which the District's FOIA Contact (a Paralegal Specialist), in conjunction with the Human Resources staff, conducted a manual search of District personnel files for the requested records, as reflected in FOIA Forms 036 and 041, which were forwarded to EOUSA for processing.  Decl., Exhibit 28.

50.    Upon EOUSA's receipt of the District material responsive to Plaintiff's request for "letters of authority," Mr. Ciccone personally reviewed it for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.  See Decl. ¶ 61.

51.    EOUSA issued a letter to the Requester, dated April 26, 2006, releasing the "letters of appointment" that had been located by the District subject to redaction of the affected AUSAs' home addresses pursuant to FOIA Exemption 6 and the Privacy Act, 5 U.S.C. §§ 552(b)(6) and 552a(b).  Decl., Exhibit 29.

52.    Specifically, EOUSA's April 26, 2006 supplemental release consisted of two additional pages, of which the first page was redacted in part to protect the privacy of the home address of the affected AUSA, and the second page was released in full.  This two-page document consisted of a letter from DOJ directly to the AUSA candidate's home addresses confirming a conditional appointment subject, e.g., to a successful background investigation and drug screening test.  Id.

## ADEQUACY OF THE SEARCH

53.    After receiving Plaintiff's request for the "letters of appointment and oath of office" for 13 individually named current and/or former prosecutors, EOUSA split the request for search and processing purposes among the four USAOs specified in the request.  See, e.g., Decl. ¶¶ 8, 71.

54.    Each USAO has a designated FOIA Contact who serves as the official liaison between that District and the FOIA/Privacy Staff in EOUSA.  See Decl. ¶ 73.

55.    As reflected in FOIA Forms 010B, 036, and 041, each of the four Districts' FOIA Contacts duly coordinated with other appropriate staff members in their respective USAOs to locate records responsive to the request for letters of appointment and oaths of office on the named AUSAs.  This was accomplished by a manual search of each District's personnel records. See Decl., Exhibits 3, 11, 18, and 25; accord Index of Exhibits.

13

56.     Following an initial search by each of the four affected Districts, EOUSA released to Plaintiff, in full and without redaction, the current Appointment Affidavits – reflecting both the appointment and oath of office of each AUSA – for those prosecutors whose records were on file in those USAOs.  See Decl. ¶ 75.  With respect to those AUSAs no longer employed by the four identified USAOs, the Requester was directed to the Federal Records Center, where additional records may be available through the National Archives and Records Administration.  See Decl., Exhibits 4, 12, 19, and 26 (March 15, 2006 initial release).

57.     Upon receipt of the Requester's March 22, 2005 response to EOUSA's March 15, 2005 records release, see Decl. ¶ 20 and Exhibit 5, which took issue with the lack of separate "letters of appointment," EOUSA directed each of the four USAOs to conduct a supplemental search.   See Decl., Exhibits 6, 13, 20, and 27 (EOUSA's supplemental April 7, 2006 memo to Districts).

58.     The scope of the supplemental search focused on any records that could reasonably be characterized as "letters of appointment" within the meaning of the request – notwithstanding that the previously furnished Appointment Affidavits reflect both the AUSA's appointment and oath of office, and notwithstanding that letters containing conditional employment offers (subject, e.g., to successful background investigations and drug tests) are prima facie not as probative of a prosecutor's authority as the SF-61 Appointment Affidavits previously furnished.  See Decl. ¶ 77.

59.     As a result of the Districts' supplemental searches, EOUSA released to Plaintiff all documents that could be located and identified by the affected USAOs as being responsive to Plaintiff's request for "letters of appointment," subject only to redaction of the prosecutors' home

14

addresses under the Privacy Act and FOIA Exemption 6.  With respect to those AUSAs no longer employed by the four identified USAOs, the Requester was directed to the Federal Records Center, where additional records may be available through the National Archives and Records Administration.  See Decl., Exhibits 8, 15, 22, and 29 (April 26, 2006 supplemental release).

60.    Except for the redaction of AUSAs' home addresses, all documents were released to Plaintiff in full and at no cost.

61.    No FOIA processing fees were charged because Departmental regulations state that the first 100 pages of documents, and the first two hours are search time, are to be provided to non-commercial requesters free of charge – and, furthermore, "[w]henever a total fee . . . is $14.00 or less for any request, no fee will be charged."  28 CFR § 16.11(d)(4).  Here, the total pages released did not exceed the 100-page threshold, and the total search time reported was 2 hours and 48 minutes, of which the first two hours are free under the regulations.  See Decl., Exhibits 3 and 7 (one hour of search time reported by USAO-FLS); Exhibits 11 and 14 (13 minutes of search time reported by USAO-NCW); Exhibits 18 and 21 (20 minutes of search time reported by USAO-DC); and Exhibits 25 and 28 (one hour and 15 minutes of search time reported by USAO-TNM).

## EOUSA'S DISCLOSURE DETERMINATION

62.    In total, EOUSA released 27 pages of responsive documents, as summarized below, of which 22 pages were released-in-full ("RIF"), while 5 pages were released-in-part ("RIP"), i.e., redacted to protect the privacy of the affected prosecutors' home addresses:

Request No. 06-174 (USAO-FLS):

15

RIF: 4 pages of Appointment Affidavits (Exhibit 4)
RIF: 8 pages of "letters of appointment" (Exhibit 8)
RIP: 2 pages of "letters of appointment" (Exhibit 8)

Request No. 06-175 (USAO-NCW):
RIF: 2 pages of Appointment Affidavits (Exhibit 12)
RIF: 4 pages of "letters of appointment" (Exhibit 15)
RIP: 2 pages of "letters of appointment" (Exhibit 15)

Request No. 06-176 (USAO-DC):
RIF: 1 page Appointment Affidavit (Exhibit 19)
RIF: 1 page "letter of appointment" (Exhibit 22)

Request No. 06-177 (USAO-TNM):
RIF: 1 page Appointment Affidavit (Exhibit 26)
RIF: 1 page of "letter of appointment" (Exhibit 29)
RIP: 1 page of "letter of appointment" (Exhibit 29).

## REDACTION UNDER THE PRIVACY ACT AND FOIA EXEMPTION 6

63.     Under the Privacy Act, which states in pertinent part that "[n]o agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law, 5 U.S.C. § 552a(b), none of the affected AUSAs granted consent for the public disclosure of their private home addresses.  See Decl. ¶ 88.

64.     Because one exception to the Privacy Act's general prohibition against non-disclosure of third-party information without consent is set forth in 5 U.S.C. § 552a(b)(2), which authorizes disclosure under the PA, if such disclosure "would be . . . required under section 552 [the FOIA]," EOUSA reviewed the records for release under the provisions of the FOIA.  See Decl. ¶ 89.

65.     In redacting the home addresses of affected prosecutors from the "letters of appointment" released to Plaintiff, EOUSA relied upon FOIA Exemption 6.  See Decl. ¶¶ 83-86.

16

That statutory provision exempts from public disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). This protection is afforded to information contained in agency files that would infringe upon the personal privacy of the individual(s) about which it pertains. See Decl. ¶ 83.

66.     When considering whether to invoke Exemption 6, EOUSA considered whether public disclosure of the information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The resolution of this issue involved a balancing of the public's right to access information about governmental operations against the personal privacy interests of the individuals identified in the agency records. See Decl. ¶ 84.

65.     EOUSA applied FOIA Exemption 6 in this case in a very narrow fashion, only to redact the affected prosecutors' home addresses. See Decl. ¶ 85. EOUSA determined that the release of such highly personal information could subject such persons and their families to an unwarranted invasion of personal privacy, as well as subject them to threats, harassment, retaliation, and physical danger from convicted offenders and others involved in the criminal justice system or dissatisfied with the outcome of cases in which an AUSA asserted governmental interests over and against their interests in the context of our adversarial system of justice. Id.

66.     In deciding to redact AUSAs' home addresses from the released documents, EOUSA concluded that the public interest in disclosure was heavily outweighed by the affected individuals' privacy interest because disclosure of individuals' home addresses sheds absolutely no light upon government operations and activities within the meaning of FOIA, its legislative

17

history, and related case law.  See Decl. ¶ 86.

## SEGREGABILITY

67.    Each of the 5 redacted pages was carefully evaluated for segregability.  See Decl. ¶ 90.  EOUSA redacted only the home address of each affected prosecutor, which was deemed exempt from disclosure pursuant to the PA and the FOIA.  Id.

68.    EOUSA redacted the information in such a way as to allow the requester to receive virtually all of the information on each of the 5 pages released-in-part, with only the affected prosecutors' home addresses being redacted from the salutation of each such letter of appointment.  See Decl. ¶ 91.

69.    Plaintiff was provided with all information that was not exempt from public disclosure by law and that would not violate the personal privacy of third parties.  No reasonably segregable non-exempt information was withheld from Plaintiff.  See Decl. ¶ 92.


Dated: May 9, 2006.                   Respectfully submitted,

                                      _/s/_____
                                      KENNETH L. WAINSTEIN, DC Bar # 451058
                                      United States Attorney

                                      _/s/_____
                                      RUDOLPH CONTRERAS, DC Bar # 434122
                                      Assistant United States Attorney

                                      _/s/_____
                                      MEGAN L. ROSE, NC Bar # 28639
                                      Assistant United States Attorney
                                      Judiciary Center Building
                                      555 Fourth Street, N.W.
                                      Washington, D.C.  20530
                                      (202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNELIUS SINGLETON                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civil Action No. 05-2413 (EGS)
                                       )          **ECF**
EXECUTIVE OFFICE OF THE UNITED         )
STATES ATTORNEYS[1]                    )
                                       )
            Defendant.                 )
_____    )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant Executive Office of the United States Attorneys ("EOUSA"), a component of

the United States Department of Justice ("DOJ"), through the undersigned counsel, respectfully

moves this Court for summary judgment pursuant to Fed. R. Civ. P. 56(c).

Plaintiff, *pro se*, brought this civil action pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, with regard to the processing of Plaintiff's FOIA request by EOUSA.

As demonstrated by the attached declaration of Anthony J. Ciccone, Senior Attorney Advisor,

FOIA/Privacy Staff, EOUSA, Defendant conducted reasonable searches and properly invoked

and justified its reliance on the Privacy Act and FOIA Exemption 6, when it released to Plaintiff

all responsive records subject only to the redaction of third party individuals' home addresses.

Thus, there are no genuine issues of material fact, and Defendant is entitled to judgment as a

matter of law.  See Fed. R. Civ. P. 56(c).  For the reasons set forth below, summary judgment for

Defendant should be granted.

_____

[1]  Although Plaintiff's complaint specifically names the Executive Office of the United
States Attorneys, under the FOIA, the only proper defendant is the United States Department of
Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).

## BACKGROUND

Defendant adopts the above Statement of Material Facts Not In Genuine Dispute.

## STANDARD OF REVIEW

### I. Summary Judgment (Fed.R.Civ.P. 56)

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex v. Catrett, 477 U.S. 317, 331 (1986)).

### II. Summary Judgment In FOIA Cases

FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v.

2

Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[2]  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further."  Citizens Commission on Human Rights v. FDA, 45 F.3d 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).  See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  When the pleadings, supplemented by the affidavits and declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  See Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

---

[2]  For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

In this case, Defendant's declaration was prepared by Anthony J. Ciccone, who is familiar with the procedures followed by the agency in responding to requests for information under the FOIA.  See generally Decl.  Mr. Ciccone is also specifically familiar with the processing of Plaintiff's FOIA request by EOUSA.  Id.

**ARGUMENT**

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'"  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B).  In this case, Plaintiff has failed to show that Defendant improperly withheld agency records.  See United States Dep't of Justice v. Tax Analysts, 492 U.S. at 142. Because Defendant conducted reasonable searches and properly invoked and justified its reliance on the Privacy Act and FOIA Exemption 6, Defendant is entitled to judgment as a matter of law.

**I.      Defendant Conducted An Adequate Search Under the FOIA.**

The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.  Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993).  The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located.  Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'"  Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  An agency is not required to search every record system, but need only

4

search those systems in which it believes responsive records are likely to be located.  Ogelsby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).   The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352. Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to

5

demonstrate the adequacy of its search.  Once the agency has met this burden through convincing

evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith

on the part of the agency.  Miller, 779 F.2d at 1383.  It is insufficient for a requester to attempt to

rebut agency affidavits with purely speculative claims.  See Carney, 19 F.3d at 813; SafeCard,

926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as shown by the Declaration of Anthony J. Ciccone and the attached exhibits,

Defendant met its burden to establish that the agency made a good faith effort to conduct an

adequate search for the requested records.  See, e.g., Decl. ¶¶ 8-12, 71-80, Exh. 3, 4, 7, 8, 11, 12,

14, 15, 18, 19, 21, 22, 25, 26, 28, 29.  Under Ogelsby, Defendant reasonably searched those

systems in which it believed responsive records were likely to be located.  Id.; see also Ogelsby,

920 F.2d at 68.  Specifically, after receiving Plaintiff's request for the "letters of appointment and

oath of office" for 13 individually named current and/or former prosecutors, EOUSA split the

request for search and processing purposes among the four USAOs specified in the request.  See,

e.g., Decl. ¶¶ 8, 71.  Those offices were the most reasonable locations to search for responsive

documents because United States Attorneys' records are generally decentralized among over 100

offices and these specific USAOs were identified by Plaintiff as the offices of the 13 AUSAs in

question.[3]  See Decl. ¶ 72.

Before EOUSA responded to Plaintiff's FOIA request, on November 29, 2005, Plaintiff

filed the instant complaint in this Court.  See Compl.; see also Decl. ¶ 13.   After receiving a

---

[3]  Defendant notes that under the applicable regulations, requests must be specific enough
to "enable Department personnel to locate them with a reasonable amount of effort," 28 C.F.R.
§ 16.3(b), and overbroad search requests can increase requesters' potential FOIA fees while
unnecessarily diverting scarce governmental resources.  Accordingly, Defendant searched only
the District USAOs specified in Plaintiff's request.

copy of Plaintiff's complaint, Anthony J. Ciccone, Senior Attorney Advisor, FOIA/Privacy Staff, EOUSA, issued a memorandum dated February 7, 2006 advising the four USAOs of the litigation and requesting that they "[e]xpedite production of responsive documents." Decl., Exhibits 2, 10, 17, 24.  Accordingly, each USAO FOIA Contact, who is designated to serve as the official liaison between that District and the FOIA/Privacy Staff in EOUSA, then duly coordinated with other appropriate staff members in their respective USAOs to locate records responsive to the request for letters of appointment and oaths of office on the named AUSAs. See Decl. ¶¶ 15, 30, 45, 60, 73, 74.  As reflected in FOIA Forms 010B, 036, and 041, this was accomplished by a manual search of each District's personnel records.  See Decl., Exhibits 3 and 7 (one hour of search time reported by USAO-FLS); Exhibits 11 and 14 (13 minutes of search time reported by USAO-NCW); Exhibits 18 and 21 (20 minutes of search time reported by USAO-DC); and Exhibits 25 and 28 (one hour and 15 minutes of search time reported by USAO-TNM); accord Index of Exhibits.

Following an initial search by each of the four affected Districts, EOUSA released to Plaintiff, in full and without redaction, the current Appointment Affidavits – reflecting both the appointment and oath of office of each AUSA – for those prosecutors whose records were on file in those USAOs.  See Decl. ¶ 75; see also Decl., Exh. 4, 12, 19, 26 (March 15, 2006 initial release).  With respect to those AUSAs no longer employed by the four identified USAOs, EOUSA directed Plaintiff to the Federal Records Center and advised that additional records may be available through the National Archives and Records Administration.  See id.

However, after EOUSA's March 15, 2006 records release, on March 22, 2006, Plaintiff responded that he did not receive any "letters of appointment" in the March 15th release,

complaining, in pertinent part, as follows:

> On or about March 20, 2006, I received from [EOUSA] the
> Appointment Affidavits of the respective AUSA's attorneys I had
> requested and is the subject of the above styled matter.  I discern
> from the disclosure . . . that you will be representing to the court
> that full disclosure ha[s] been made.  I trust and hope that you will
> not represent such false representation to the court.  This is so,
> because, said agency ha[s] utterly failed to provide the respective
> letters of appointment detailing the tenure of the position or any
> extension that may have been granted over the tenure period.

Decl., Exh. 5.  Thus, in order to address Plaintiff's concerns, and in an effort to minimize the

pending issues of this litigation, on April 7, 2006, EOUSA issued another memorandum to the

District USAOs, requesting that they conduct supplemental searches, on an expedited basis, for

any responsive "letters of appointment" – notwithstanding that the previously released

Appointment Affidavits reflect both the AUSA's appointment and oath of office.  See Decl., Exh.

6, 13, 20, 27.  Each of the four Districts then conducted a second manual search of District

personnel files for any records that reasonably could be characterized as "letters of appointment"

within the meaning of Plaintiff's request.  See Decl. ¶¶ 22, 37, 52, 66, 77.

As a result of the Districts' supplemental searches, the Districts forwarded to EOUSA for

processing all material that could be located and identified by the affected USAOs as being

responsive to Plaintiff's request for "letters of appointment," and, in turn, EOUSA released to

Plaintiff all responsive documents, noting that the supplemental release of AUSAs' conditional

employment offers subject to successful background investigations and drug tests are not as

probative of a prosecutor's authority as the SF-61 Appointment Affidavits previously furnished

to Plaintiff.  See id.; see also Decl. ¶ 77.  EOUSA redacted only the prosecutors' home addresses

under the Privacy Act and FOIA Exemption 6.  See id.; see also Decl. ¶ 78. Additionally, with

respect to those AUSAs no longer employed by the four identified USAOs, EOUSA directed

Plaintiff to the Federal Records Center, where additional records may be available through the

National Archives and Records Administration.  See Decl. ¶ 78, Exh. 8, 15, 22, 29 (April 26,

2006 supplemental release).  Accordingly, all documents were released to Plaintiff in full, except

for the redaction of the affected AUSAs' home addresses from five pages, and the documents

were released at no cost to Plaintiff.[4]  See Decl. ¶ 81.  Thus, Defendant acted in good faith and

met its obligations under the FOIA.  The Court should grant summary judgment for Defendant.

## II.     Defendant Properly Applied the PA and FOIA Exemption 6 and Withheld Only the AUSAs' Home Addresses.

The Privacy Act, 5 U.S.C. §552a(b), provides that "[n]o agency shall disclose any record

. . . contained in a system of records . . . except pursuant to a written request by, or with the prior

written consent of, the individual to whom the record pertains" unless otherwise authorized by

law.  5 U.S.C. § 552a(b).  In this case, none of the affected AUSAs granted consent for the public

disclosure of their private home addresses.  See Decl. ¶ 88.

One exception to the Privacy Act's general prohibition against non-disclosure of third-

party information without consent is set forth in 5 U.S.C. § 552a(b)(2), which authorizes

disclosure under the PA, if such disclosure "would be . . . required under section 552 [*i.e.,*

---

[4]  No FOIA processing fees were charged because Departmental regulations state that the first 100 pages of documents, and the first two hours are search time, are to be provided to non-commercial requesters free of charge – and, furthermore, "[w]henever a total fee . . . is $14.00 or less for any request, no fee will be charged."  28 CFR § 16.11(d)(4).  Here, the total pages released did not exceed the 100-page threshold, and the total search time reported was 2 hours and 48 minutes, of which the first two hours are free under the regulations.  See Decl., Exh. 3 and 7 (one hour of search time reported by USAO-FLS); Exh. 11 and 14 (13 minutes of search time reported by USAO-NCW); Exh. 18 and 21 (20 minutes of search time reported by USAO-DC); and Exh. 25 and 28 (one hour and 15 minutes of search time reported by USAO-TNM).

FOIA]." Thus, Defendant properly went on to review whether disclosure of the AUSAs' private home addresses would be required under the provisions of the FOIA. See Decl. ¶ 89.

Exemption 6 under the FOIA shields information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In this case, the requested documents are within the AUSAs' personnel files and thus clearly fall within the broad parameters of "personnel and medical files and similar files" under Exemption 6. See Dep't of State v. Ray, 502 U.S. 164, 173 (1991); Dep't of State v. Washington Post Co., 456 U.S. 595, 601-02 (1982); Reed v. NLRB, 927 F.2d 1249, 1251 (D.C. Cir. 1991), cert. denied, 502 U.S. 1047 (1992). Once the information meets the threshold requirement of Exemption 6, the inquiry turns to determining whether disclosure of the information "would constitute a clearly unwarranted invasion of personal privacy." This requires a balancing of the public's right to disclosure against the individual's right to privacy. Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976).

The burden of establishing that disclosure is in the public interest is on the requester. See, e.g., National Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004); Carter v. United States Dep't of Commerce, 830 F.2d 388, 391 nn.8 & 13 (D.C. Cir. 1987). Even if a particular privacy interest is minor, the burden is on the plaintiff to establish that some public interest in disclosure exists which can overcome any privacy interest. See Davis, 968 F.2d at 1282. Information that does not directly reveal the operations or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." U.S. Dep't of Justice v. Reporters Committee, 489 U.S. 749, 775 (1989). If no public interest exists, the privacy interest prevails and the information must be protected, because "something,

10

even a modest privacy interest, outweighs nothing every time." Nat'l Ass'n of Retired Fed.
Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).

In light of these principles, as set forth in the Ciccone declaration, EOUSA properly
applied FOIA Exemption 6 in this case in a narrow fashion, redacting only the affected AUSAs'
home addresses from the "letters of appointment" which were released to Plaintiff. See Decl. ¶
85, Exh. 8, 15, 22, 29. EOUSA properly determined that the release of such highly personal
information could subject the individuals and their families to an unwarranted invasion of
personal privacy. The information's release could result in possible threats, harassment,
retaliation, and physical danger from convicted offenders and others involved in the criminal
justice system or from those dissatisfied with the outcome of cases in which the AUSA
represented governmental interests in the context of our adversarial system of justice. Id.
Moreover, Plaintiff cited no public interest in the disclosure of the information. See generally
Compl., Exh. A. EOUSA properly determined that no public interest could exist in releasing the
home addresses of third-party individuals which are located in individuals' personnel files
because disclosure of individuals' home addresses sheds absolutely no light upon government
operations and activities within the meaning of FOIA, its legislative history, and related case law.
See Decl. ¶ 86. Therefore, on balance, EOUSA correctly concluded that the substantial privacy
interest which is protected by withholding this information outweighed any minimal public
interest which would be served by its release. Consequently, Defendant properly applied
Exemption 6, and summary judgment for Defendant is appropriate.

**III.    Defendant Properly Evaluated Documents for Segregability.**

The Court of Appeals has held that a district court considering a FOIA action has "an

11

affirmative duty to consider the Segregability issue <u>sua</u> <u>sponte</u>." <u>Trans-Pacific Policing</u>

<u>Agreement v. United States Customs Service</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA

requires that if a record contains information that is exempt from disclosure, any "reasonably

segregable" information must be disclosed after deletion of the exempt information unless the

non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b);

<u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C. Cir.

1977).

     In order to demonstrate that all reasonably segregable material has been released, the

agency must provide a "detailed justification" rather than "conclusory statements". <u>Mead Data</u>,

566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification"

that the exempt material would effectively be disclosed. <u>Id</u>. All that is required is that the

government show "with 'reasonable specificity'" why a document cannot be further segregated.

<u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996).

Moreover, the agency is not required to "commit significant time and resources to the separation

of disjointed words, phrases, or even sentences which taken separately or together have minimal

or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

     In this case, EOUSA processed and carefully examined each page of responsive

documents in order to determine whether any reasonably segregable information could be

released. <u>See</u> Decl. ¶ 90. No documents were withheld in their entirety. <u>See</u> Decl. ¶ 81. In total,

EOUSA released to Plaintiff 27 pages of responsive documents, of which 22 pages were

released-in-full ("RIF") and 5 pages were released-in-part ("RIP"), with the redaction of only the

affected AUSAs' home addresses which EOUSA deemed exempt from disclosure pursuant to the

Privacy Act and the FOIA.  See id. ¶ 90.  Because EOUSA redacted the home addresses from the

salutation of each "letter of appointment," EOUSA redacted the information in such a way as to

allow the requester to receive virtually all of the information on each of the 5 pages

released-in-part.  See Decl. ¶ 91.  Thus, Plaintiff was provided with all information that was not

exempt from public disclosure by law and that would not violate the personal privacy of third

parties.  No reasonably segregable non-exempt information was withheld from Plaintiff, and

Defendant met its burden under the FOIA.  See Decl. ¶ 92.

**CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Court grant

summary judgment for Defendant.  See Fed. R. Civ. P. 56(c).


Dated: May 9, 2006.

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney


_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

13

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

**CORNELIUS SINGLETON**

**60442-004**

**JESUP FCI**

**2680 HIGHWAY 301 SOUTH**

**JESUP, GEORGIA**

on this __9th__ day of May, 2006.

_____

MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530

14