Singleton v. EOUSA, Civil Action No. 05-2413 (DDC)
 EXHIBITS 23-29  TO  CICCONE DECLARATION 
*Request No. 06-177:  USAO-TNM*
*(Middle District of Tennessee)*

# EXHIBIT #23

October 26, 2005

Cornelius Singleton
USM#60442-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 31599

RECEIVED

2005 NOV -0  AM 10: 54

DEPT. OF JUSTICE/EOUSA
FOI...

Director, EOUSA
FOIA/Privacy Act Unit
600 E. Street, N.W. Room 7300
Washington, D.C. 20530-0001

Re: Public Documents concerning Former or Present Public Officials

Dear Sir/Madam:

This letter constitutes a formal request for copies of the below listed former or present Assistant United States Attorney's letters of appointment and oath of office as required by Title 28 U.S.C.A. §§§ 515, 543 and 544.

1. Maria J. Beguiristain, AUSA Southern District of Florida
2. Joseph Capone, AUSA Southern District of Florida
3. William Bryan, AUSA Southern District of Florida
4. Roger Steffin, AUSA Southern District of Florida
5. William White, AUSA Southern District of Florida
6. Michael Brown, AUSA Southern District of Florida
7. Vivian Rosardo, AUSA Southern District of Florida
8. Jill Rose, AUSA Western District of North Carolina
9. Robert Hidgon, AUSA Westetn District of North Carolina
10. Deborah Ashburn, AUSA Western District of North Carolina
11. John Dominquez, AUSA District of Columbia
12. Mary O"Connor, AUSA District of Columbia
13. Sunny Koshy, AUSA Middle District of Tennessee

As the above named individuals were or still is public servants there letters of appointment and oath of office should be readily available from this office.



FILE COPY
#06-177 (TNM)

If indeed, there is <u>any</u> cost associated with this venture please advise me accordingly. If no such records exist as to <u>any</u> of the individuals named herein as to their appointment and oath of office please indicate accordingly.

Per statutory requirement your agency is required to serve upon me the requested documents within twenty days (20) of the receipt of this certified mail. Failure to respond within the time limit or notice as to delay will be construed by me as failure to provide me with the requested documents to which I would have no alternative but to file a suit asking for declaratory and injunctive relief plus cost. Thanks kindly for your timely and prompt response.


Sincerely,

Cornelius Singleton

Cornelius Singleton, Sui Juris


-2-


cc: File

EXHIBIT #24



**U.S. Department of Justice**

Executive Office for United States Attorneys

(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff                    *600 E Street, NW, Suite 7300, Washington, DC 20530*

FEB – 7 2006

To FOIA/PA Contact:   Pam Jackson

District or Office:      USAO-TNM

EOUSA Request No.:  06-177

FOIA Requester:      Cornelius Singleton

Subject:            AUSA Oath of Office

     Please note that a lawsuit has been filed regarding the above FOIA request.  The complaint (*attached*) is captioned Singleton v. EOUSA, Civil Action No. 05-2413 (DCD).

     The EOUSA staff attorney assigned to this case is: Anthony J. Ciccone  (202-616-6757). The Assistant U.S. Attorney primarily responsible for handling the litigation in court is: Megan Rose, whose phone number is 202-514-7220.

     In connection with the litigation, please do the following:

1.  **Do not purge files.**

     2.  Expedite your production of responsive documents to this office, if not already done. However, if you estimate there would be more than 2 hours of search time or 250 pages of responsive records (other than court filings), please contact us immediately.

     3.  Notify the AUSAs who handled the primary case (and, if applicable, those responsible for any appeal) that this matter is now the subject of pending FOIA litigation.

     4.  You or others may be asked to prepare a declaration describing your search for and preservation of responsive documents after you received the FOIA request.  If so, the staff attorney assigned to this case will contact you to assist in drafting the declaration.

     Please call the assigned staff attorney at your earliest convenience to discuss this matter.

Sincerely yours,

William G. Stewart II
Acting Assistant Director

Enclosure                                          *Lit-1 (Rev. 2/7/06)*

# EXHIBIT #25

## Memorandum

| | | |
|---|---|---|
| FOR RETURN TO: | FOIA AND PRIVACY STAFF 600 E STREET, N.W., ROOM 7300 Washington, D.C. 20530-0001 | DATE RETURNED: 2/15/06 |

| Subject | Date |
|---|---|
| Requester: CORNELIUS SINGLETON Subject: AUSA KOSHY (OATH OF OFC) Number: 06-177 District: TNM | FEB 13 2006 |

| To | From |
|---|---|
| FOIA/PA CONTACT, ~~PAM JACKSON~~ Kimberly Rice | Shirley Botts Liaison EOUSA TEL: 202-616-0195 FAX: 202-616-6478 |

We have received the attached Freedom of Information Act request. Because it is not the typical first party request for all records about the requester (i.e., it asks for a specific record, statistical data, office administrative records, records about a staff member, etc.), look ONLY for the record(s) described by the requester. DO NOT SEND COURT-FILED RECORDS UNLESS SPECIFICALLY REQUESTED.

If you have questions or need to discuss this request, please call my office at the number above. Otherwise, please either forward copies of the requested record(s) or indicate below that there are NO RECORDS responsive to the request and return this memorandum to the address above.

Thank you for your cooperation.

Attachment(s)

PLEASE CHECK ONE:

_X_ Records requested are enclosed.

_____ No records responsive to this request.

_____ Pending investigation, trial, appeal or fugitive(s) involved: CALL our office at the number above and complete pending checklist 007A.

COMMENTS:

Oath of Office for AUSA Sunny Koshy

Signature of person completing this checklist:_____

Date signed:_____ Telephone Number:_____
Name and phone number of AUSA assigned to, or familiar with, case:

_____

Form No. 010B - 6/99



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

## FOIA COST TRACKING FORM

EOUSA NO.: __06-177__

Requester's Name: __Cornelius Singleton__

District or EOUSA Component: __USAO-TNM__

The Freedom of Information Act allows us to charge for search time. Search time is the time spent searching for the requested record. Please keep track of the time spent searching for the records to respond to the above request.

The data provided by your office under "Actual Time Expended", will be the basis for the Annual FOIA/PA Report to Congress. Every employee in your office who has expended any time on this request should fill out the amount of time expended.

It is essential to return this completed form at the time the attached memorandum is returned.

### ACTUAL TIME EXPENDED

MINUTES/HOURS

[  ] ATTORNEY        _____

[ ✓ ] PARALEGAL       *15 min.*

[  ] OTHER: _____  _____

I declare, under penalty of perjury, that the foregoing is true and correct.

Date Executed: __2/16/06__ . Phone Number: __(615) 736-5151__

Typed Name/Title: __Kimberly Rice, Paralegal Spec.__

Signature: __Kimberly Rice__

Form No. 036 - 11/14/05

## Certification of Search

EOUSA NO.: 06-177
Requester's Name: Cornelius Singleton
District or EOUSA Component: USAO-TNM

I certify that I conducted a search for records responsive to the above-referenced FOI/PA request as follows:

1a. Names searched under *Cornelius Singleton*
Any other names searched, A.K.A. etc. _____

1b. Subject searched under _____

1c. Case files searched CR#, CIV# _____

2. Computer Systems Searched: _____
_____ PROMIS; _____ TALON; _____ LIONS;
_____ Others, List: _____

3. I searched all card file indexes for _____ Criminal; _____ Civil;
_____ Asset Fortfeiture cases; _____ other files index for our office.

4. I searched the Federal Records Center _____ Criminal; _____ Civil;
_____ other files index for our office.

5. Records were destroyed. Attached is a copy of evidence to prove that records were destroyed. _____

6. I e-mailed/faxed/phoned _____ Criminal AUSAs; _____ Civil AUSAs; and
_____ other staff members (i.e., _____ )
regarding whether they have any files in their offices on subject(s).

7. I took other search measures, as follows: *official personnel file*
*Of AUSA Sunny Koshy*

8. I have attached all written documentation, indicating dates I searched, where, who I called, etc.

I declare, under penalty of perjury, that the foregoing is true and correct.

Date Executed: *2/16/06* . Phone Number *(615) 736-5151*
Typed Name/Title: *Kimberly Rice, Paralegal Spec.*
Signature: *Kimberly A. Rice*

Form No. 041 - 11/14/05

EXHIBIT #26



U.S. Department of Justice

Executive Office for United States Attorneys

_____    (202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff                    *Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

Requester: _Cornelius Singleton_____    Request Number: _06-177___

Subject of Request:___AUSA Koshy (Oath of Ofc.) / USAO-TNM_____          **MAR 15** 2006

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    After a search by the U.S. Attorney's Office for the <u>Middle District of Tennessee (USAO-TNM)</u>, all responsive records that could be located are being released to you in full.

    Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:___06-174, 06-175, 06-176, 06-177___.

    This is our final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

    Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure

No. 021A - no fee - 2/04

*U.S. Department of Justice - Executive Office for U.S. Attorneys - FOIA/Privacy Staff - Washington, DC 20530*

REQUESTER:   __Cornelius Singleton__

EOUSA File #:  __06-177__

# DOCUMENTS "RIF"
# (Released in Full)

## Pages:   __1__

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

<u>ASSISTANT UNITED STATES ATTORNEY</u>          <u>August 29, 1995</u>
*(Position to which appointed)*                                  *(Date of appointment)*

<u>JUSTICE</u>                    <u>OUSA</u>                    <u>NASHVILLE, TENNESSEE</u>
*(Department or agency)*        *(Bureau or Division)*                  *(Place of employment)*

I, <u>SUNNY A. M. KOSHY</u> _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this <u>29th</u> day of <u>Auguust</u> _____, 19<u>95</u>,

at <u>Nashville</u>                    <u>Tennessee</u>
        *(City)*                              *(State)*

[SEAL]                                      _____
                                            *(Signature of officer)*

Commission expires _____        <u>United States Attorney</u>
(If by a Notary Public, the date of expiration of his/her          *(Title)*
Commission should be shown)

NOTE.—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

NSN 7540-00-634-4015          ▼ U.S. GOVERNMENT PRINTING OFFICE : 1992-326-486/69179          Prior Edition Usable

EXHIBIT #27



**U.S. Department of Justice**

Executive Office for United States Attorneys



(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff                    600 E Street, NW, Suite 7300, Washington, DC  20530

To FOIA/PA Contact:  __Kimberly Rice_____     APR  − 7  2006

District or Office:     __USAO-TNM_____

EOUSA Request No.:  _06-177_____

FOIA Requester:      __Cornelius Singleton_____

Subject:                  __Oaths of Office & Letters of Appointment  (USAO/TNM)__
                              __AUSA Koshy_____

     This is in further regard to the litigation associated with the above-referenced Request, captioned <u>Singleton v. EOUSA</u>, Civil Action No. 05-2413 (DCD).

     ***Your expedited assistance is required in conducting a supplemental search.***

     While we previously sent the requester Oaths of Office on March 15, 2006 (attached), he also seeks "<u>letters of appointment</u> detailing the tenure of the position or any extension," as noted in his response dated March 22 (also attached).

     Accordingly, please review your Office's records for such "letters of appointment" and furnish any responsive documents, along with fully executed copies of the accompanying  search and time certifications (Forms 036 and 041).  *NOTE:  Please do <u>not</u> redact or white-out any parts of responsive documents;* our Staff will assert any appropriate FOIA/PA exemptions prior to release, but we must have unredacted copies for our files.

     The EOUSA staff attorney assigned to this case is:  Anthony J. Ciccone  (202-616-6757). Please forward your response directly to his attention no later than c.o.b. <u>Monday, April 17, 2006,</u> as our current court deadline is April 21.

     Thank you for your expedited attention to this, and please advise if any questions.

                   Sincerely yours,

                   William G. Stewart II
                   Acting Assistant Director

cc: AUSA Megan Rose

Enclosure                                                                      *Lit-3 (Rev. 4/7/06)*

# EXHIBIT #28





**U.S. Department of Justice**

Executive Office for United States Attorneys

(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

## FOIA COST TRACKING FORM

EOUSA NO.: __06-177__

Requester's Name: __Cornelius Singleton__

District or EOUSA Component: __USAO-TNM__

     The Freedom of Information Act allows us to charge for search time. Search time is the time spent searching for the requested record. Please keep track of the time spent searching for the records to respond to the above request.

     The data provided by your office under "Actual Time Expended", will be the basis for the Annual FOIA/PA Report to Congress. Every employee in your office who has expended any time on this request should fill out the amount of time expended.

     It is essential to return this completed form at the time the attached memorandum is returned.

### ACTUAL TIME EXPENDED

<u>MINUTES/HOURS</u>

[   ] ATTORNEY               _____

[X] PARALEGAL            __1 hr__

[   ] OTHER: _____      _____

I declare, under penalty of perjury, that the foregoing is true and correct.

Date Executed: __4-13-06__ . Phone Number: __615 736-5151__

Typed Name/Title: __Kimberly Rice Paralegal__

Signature: __Kimberly Rice__

Form No. 036 - 11/14/05

**Certification of Search**

EOUSA NO.: _____06-177_____

Requester's Name: ___Cornelius Singleton_____

District or EOUSA Component: ___USAO-TNM_____

I certify that I conducted a search for records responsive to the above-referenced FOI/PA request as follows:

1a.  Names searched under _____
     Any other names searched, A.K.A. etc. _____

1b.  Subject searched under _____

1c.  Case files searched CR#, CIV# _____

2.   Computer Systems Searched: _____
     _____ PROMIS; _____ TALON; _____ LIONS;
     _____ Others, List: _____

3.   I searched all card file indexes for _____ Criminal; _____ Civil;
     _____ Asset Forfeiture cases; _____ other files index for our office.

4.   I searched the Federal Records Center _____ Criminal; _____ Civil;
     _____ other files index for our office.

5.   Records were destroyed. Attached is a copy of evidence to prove that records were destroyed. _____

6.   I e-mailed/faxed/phoned _____ Criminal AUSAs; _____ Civil AUSAs; and
     _____ other staff members (i.e., _____ )
     regarding whether they have any files in their offices on subject(s).

7.   I took other search measures, as follows: Requested Dawn Woodside,
     our personnel Contact, to obtain the requested info.

8.   I have attached all written documentation, indicating dates I searched, where, who I called, etc.

I declare, under penalty of perjury, that the foregoing is true and correct.

Date Executed: ___4-13-06_____. Phone Number: 615-736-5151

Typed Name/Title: ___Kimberly Rice, Paralegal_____

Signature: ___Kimberly Rice_____

Form No. 041 - 11/14/05

EXHIBIT #29



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Bicentennial Building, Suite 7300*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

---

Requester:  Cornelius Singleton                                      Request Number:  06-177

---

Subject of Request:  AUSA Koshy (*Supplemental Release:*  Letter of Appointment) / USAO-TNM

---

APR 2 6 2006

Dear Requester:

     This is a supplemental response to your above-referenced request by the Executive Office for U.S. Attorneys (EOUSA), which is the record-keeper for all EOUSA components and United States Attorneys' Offices nationwide. ***Please use the above number when referring to this request***. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     After a prior search by the U.S. Attorney's Office for the <u>Middle District of Tennessee (USAO-TNM)</u>, we previously released to you the available current oath(s) of office for the above-referenced Assistant United States Attorney(s) ("AUSAs") by letter dated March 15, 2006.

     We understand that, by letter dated March 22, 2006, you subsequently advised counsel in *Singleton v. EOUSA*, Civil Action No. 05-2413 (D.D.C.), that you consider our prior release insufficient, because it did not include "letters of appointment" in addition to oaths of office. Although we typically deem oaths of office more probative of AUSAs' authority than "letters of appointment" – which may, for example, be conditional upon successful drug testing and background investigation requirements – we asked the above-referenced USAO to conduct a supplemental search for the "letters of appointment" that you seek.

     Please note, as an initial matter that records concerning third parties are subject to the Privacy Act, 5 U.S.C. § 552a, and generally cannot be released absent express consent of the third party, proof that the record subject is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from disclosure. Since you have not furnished a release, death certificate, or public justification for release, the release of the requested records concerning a third party would result in an unwarranted invasion of personal privacy contrary to the Privacy Act.[1]

---

    [1] *See* 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law); *accord* 28 CFR § 16.3(a) ("If you are making a request for records about another individual, either a written authorization signed by that individual . . . or proof that that individual is deceased . . . will help the processing of your request").

Page 1 of 2                                                      Form No. 021Anofee - 4/06

Nonetheless, we have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. More specifically, after completion of the supplemental search by the above-referenced USAO, the accompanying "letters of appointment" were located, and this letter is a [ X ] partial [   ] full release. Enclosed please find:

    __1__ page(s) are being released in full (RIF);
    __1__ page(s) are being redacted and released in part (RIP);
    __0__ page(s) are withheld in full (WIF).

**NOTE: All redacted or withheld documents were reviewed to determine if any information could be segregated for release.**
*An enclosure to this letter explains the applicable exemptions in greater detail.*

| 5 U.S.C. 552 (FOIA) | | | 5 U.S.C. 552a (PA) |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ X ] (b) |
| [   ] (b)(2) | [   ] (b)(5) | [   ] (b)(7)(C) | [   ] (j)(2) |
| [   ] (b)(3) | [ X ] (b)(6) | [   ] (b)(7)(D) | [   ] (k)(2) |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] (k)(5) |
| _____ | | [   ] (b)(7)(F) | [   ] _____ |

[ X ] Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:
  √ ___06-174; 06-175; 06-176; 06-177._____.

  This is our final action on the above-numbered request. Because this matter is already the subject of pending litigation in federal District Court, you need not file an administrative appeal with the Department of Justice Office of Information and Privacy, and may instead raise any issues concerning the above-referenced request in court. *See* 28 CFR § 16.9(a)(3) ("An appeal ordinarily will not be acted on [by OIP] if the request becomes a matter of FOIA litigation").

     Sincerely,

     William G. Stewart II
     Acting Assistant Director

[ X ] See Enclosure(s)

Form No. 021Anofee - 4/06

*U.S. Department of Justice - Executive Office for U.S. Attorneys - FOIA/Privacy Staff - Washington, DC 20530*

REQUESTER:   Cornelius Singleton

EOUSA File #:   06-177

# MIXED DOCUMENTS:

Pages RIF             1
(Released in Full)

Pages RIP             1
(Released in Part)

Pages WIF             0
(Withheld in Full)

# FOIA/PA Exemptions Cited:

## 5 U.S.C. § 552(b)(6)

## 5 U.S.C. § 552a(b)

14 NO APPT Can you code for Thomasena? thank you

dr fr

Office of Attorney Personnel Management

*Washington, D.C. 20530*

Mr. Sunny A.M. Koshy

AUG 16 1995

✓ [ 5 USC 552(b)(6) & 552a(b) ]

Dear Mr. Koshy:

    I am pleased to inform you that the recommendation for your temporary, 14-month appointment as an Assistant United States Attorney (AUSA) for the Middle District of Tennessee at a salary of $57,400 per annum (not including locality pay) is approved. Conversion to an unlimited term is subject to budgetary limitations and favorable adjudication of a background investigation. Note that regardless of the type or length of appointment, at anytime, an AUSA may be subject to removal or other sanction for inability to perform or for behavior inappropriate for an AUSA.

    Frequently, applicants ask questions about the nature of the background investigation and about problems that may surface in it. The following information is intended to answer the questions which are asked most often.

    By Department of Justice order, background investigations are to be conducted by the Federal Bureau of Investigation (FBI). These investigations are extremely thorough. At a minimum, the FBI will contact all references and close personal associates listed on the security form you completed, any former spouse(s), and all former employers. Please note the FBI will also contact your current employer. Co-workers, past and present, will also be interviewed. The FBI will conduct neighborhood checks on all residences, interviewing landlords as well as neighbors. It will verify your attendance at all institutions of higher education. It will also contact regional credit bureaus covering areas where you have lived and all police departments for jurisdictions in which you have resided. If you served in the military, the FBI will review your military records. The FBI will check on any history of alcohol abuse. The FBI will also check on any past (or present) use of controlled substances. As part of the investigation, this office will request a report from the Internal Revenue Service relative to the status of your income tax return filings.

)

RIP

-2-

In a few unfortunate cases, we have had to withdraw an employment offer because the investigation revealed information that precluded a security and/or suitability clearance (e.g., failure to timely file income tax returns, serious credit problems, abuse of alcohol, history of usage of controlled substances, misrepresentations on the security form). It creates significant hardship for both the Department and the offeree if the offer must be withdrawn at the end of the lengthy process. In order to prevent such hardship, we want to alert you to these potential problems now, at the outset, and invite you to discuss any concerns you may have. Please feel free to call Debra J. Cleary, Personnel Staff, Executive Office for United States Attorneys (202-616-6873) if you wish to discuss this.

In addition, please note that it is the policy of the United States Department of Justice to achieve a drug-free workplace. Therefore, persons selected for employment may be required to pass a urinalysis test which screens for illegal drug use prior to appointment.

In the meantime, final processing of your application has begun and you will be notified upon completion of this procedure. Please understand and appreciate the confidentiality of your background investigation and note that until it is completed by the FBI, we cannot give you a status report.

Sincerely,

Linda A. Cinciotta
Director
Office of Attorney Personnel Management


Copy to:

Honorable John M. Roberts
United States Attorney
Middle District of Tennessee

RIF

<u>**EXPLANATION OF EXEMPTIONS**</u>

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)      (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)      related solely to the internal personnel rules and practices of an agency;

(b)(3)      specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)      trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)      inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)      personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)      records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)      contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)      geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)      information complied in reasonable anticipation of a civil action proceeding;

(j)(2)      material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)      information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)      investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)      material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)      required by statute to be maintained and used solely as statistical records;

(k)(5)      investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)      testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)      material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ
1/06