UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNELIUS SINGLETON             *

    Plaintiff,                 *

                                  *   Civil Action No. 05-2413(EGS)

v.                              *   ECF

                                  *
EXECUTIVE OFFICE OF THE UNITED
STATES ATTORNEY, ET AL.         *

    Defendant.                 *

_____/

**RECEIVED**
JUL 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**

    **INTO COURT NOW COMES** Cornelius Singleton, ("Plaintiff") and hereby submit this his response to the Defendant's motion for summary judgment. In support thereof Plaintiff would aver to the Court as follows:

    1. On October 26, 2005, Plaintiff had caused to submit to the Executive Office of the United States Attorney "(EOUSA") per the Freedom of Information Act a request demanding the production of various Assistant United States Attorney's oath of office, letter of appointment, tenure of the position and any extension that may have been granted over the tenure period.

    2. On November 29, 2005, after 20 working days had elapsed and it was evident that the EOUSA had no intention of complying with the clear mandate of the statute, Plaintiff filed the instant

action in federal court seeking this Court's intervention.

3. On or about March 17, 2006, the EOUSA though counsel forwarded to Plaintiff the Appointment Affidavits[1] minus the letter of appointments detailing the tenure of office or any extension that may have been granted over the tenure period.

4. In a letter dated March 22, 2006, Plaintiff advise counsel of record of the deficiency on the production of the documents requested and advise counsel that no attempt should be made to subvert the court's attention that the EOUSA was in strict compliance.

5. On or about May 8, 2006, the EOUSA simultaneously undertook steps to furnish the requested documents and moved this court for summary judgment alleging inter-alia that no genuine issue of material fact exist and summary judgment should be granted as a matter of law.

6. On May 23, 2006, this Court granted Plaintiff's motion for an extension of time to July 9, 2006, in which to respond to the Defendant's motion for summary judgment.

7. At first blush it would appear that the Defendant's have fully complied with Plaintiff's request. However, Defendant's have failed to produce any material detailing the full scope of the various prosecutors duties, whether they were employed to litigate criminal matters or purely civil matters on behalf

-2-

---

[1] A fair review of the appointment affidavits shows that none of the alleged Assistant United States Attorney's "Oath of Office" was executed by a person listed in 5 U.S.C. § 2903. Accordingly, at first blush it would appear that said Assistant U.S. Attorney's were not authorized to represent the United States in litigation. See,

of the United States.

8. Defendant's have failed to provide documentation for the following: Michael Brown; Joseph Capone; Deborah Ausburn; Mary O'Connor and Vivian Rosado. Instead Defendant's aver that the above are no longer employed by the United States and said records may be available at the Federal Records Center. This admission in no way alleviate the Defendant's responsibility in furnishing the documents in light of the fact it lies within their jurisdiction and they are required to refer Plaintiff request to the custodian of the records sought by Plaintiff.

9. Accordingly, because a genuine issue remains as to whether the Defendant's proffered justification for not fully complying is reasonable. The Defendant's must summary judgment must fail as a matter of law.

10. In any event if this Court grants summary judgment for the Defendant's after conducting a de novo review at a bear minimum cost pursuant to **5 U.S.C. 552(a)(4)(E)** should be awarded to Plaintiff. Indeed, if it was not for the Defendant's failure to respond to Plaintiff's request for documents this action would have never been filed.

**WHEREFORE.** premises considered, Plaintiff begs and prays:

1. This Court deny Defendant's motion for Summary Judgment;

2. If Defendant's motion is granted, award reasonable attorney's fees and coust against Defendant's.

3. Direct Defendant's to produce the documents for the present or former prosecutors' as listed in paragraph eight (8).

4. Grant any other relief deem just and equitable.

Respectfully submitted,

June 22, 2006

*Cornelius Singleton*
Cornelius Singleton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered to the FCI Jesup mail-room this day June 22, 2006, affixed with adequate postage to effectuate delivery upon counsel of record for the Defendant's herein:

Megan Rose, Esq. AUSA
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20001

Delivered by:

*Cornelius Singleton*
Cornelius Singleton

Cornelius Singleton
USM#60440-004
Jesup Federal Correctional Institute
2680 Highway 301 South
Jesup, Georgia 31599

JACKSONVILLE FL 322
26 JUN 2006 PM 5 L

<---<< RETURN TO SENDER UNABLE TO DELIVER AS ADDRESSED

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 & CONSTITUTION AVENUE, N.W.
WASHINGTON D.C. 20001

LEGAL MAIL