UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNELIUS SINGLETON )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE OF THE UNITED )<br>STATES ATTORNEYS[1] )<br>)<br>      Defendant. )<br>_____) | Civil Action No. 05-2413 (EGS)<br>ECF |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, identified in the complaint as the Executive Office of the United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits this Reply in support of Defendant's Motion For Summary Judgment.

**INTRODUCTION**

Plaintiff, a *pro se* federal prisoner, brought this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to the processing of Plaintiff's FOIA request by EOUSA. See Compl., Docket Entry No. 1; see also Def. Motion, Decl. ¶ 13, Docket Entry No. 13. Before EOUSA responded to Plaintiff's October 26, 2005 FOIA request, on November 29, 2005, Plaintiff filed a complaint in this Court, seeking from EOUSA "letters of appointment and oath of office" for 13 individually named current and/or former Assistant United States Attorneys ("AUSAs" or "prosecutors") in four different United States Attorneys'

---

[1] Although Plaintiff's complaint specifically names the Executive Office of the United States Attorneys, under the FOIA, the only proper defendant is the United States Department of Justice. 5 U.S.C. § 552(a)(4)(B) and (f)(1).

Offices ("USAOs"). See Compl. ¶ 5, Exh. A; see also Decl. ¶ 6. Subsequently, as detailed in Defendant's Statement of Material Facts Not In Genuine Issue and in the Declaration of Anthony J. Ciccone, all four USAOs conducted both initial and supplemental searches, and EOUSA released to Plaintiff all documents that could be located and identified by the affected USAOs as responsive to Plaintiff's request for "letters of appointment," subject only to redaction of the prosecutors' home addresses under the Privacy Act and FOIA Exemption 6. See, e.g., Decl. ¶ 9; Decl., Exh. 8, 15, 22, 29.

On May 9, 2006, Defendant moved for summary judgment, and on June 22, 2006,[2] Plaintiff responded to Defendant's Motion and filed his Opposition. See Docket Entry # 16. Nothing in Plaintiff's Opposition disputes the arguments set forth in Defendant's Motion For Summary Judgment, nor does it remedy Plaintiff's failure to raise a genuine issue of material fact concerning the propriety of Defendant's actions. In fact, Plaintiff's opposition largely concedes Defendant's motion for summary judgment. Plaintiff fails to dispute any of Defendant's Statement of Material Facts Not In Genuine Dispute and, instead, simply speculates that there must be additional material "detailing the full scope of the various prosecutors duties . . . " Pl. Opp. ¶ 7. Plaintiff additionally suggests that Defendant should be required to search for and obtain documents concerning former employees, which may be archived at the Federal Records Center. Id. ¶ 8. Because Plaintiff's Opposition fails to support his claims and fails to meet his burden of showing that there are genuinely disputed issues of material fact sufficient to survive Defendant's Motion For Summary Judgment, Plaintiff's claims should be dismissed and

---

[2] Although Plaintiff's certificate of service indicates that he served his opposition June 22, 2006, Defendant did not receive notice of Plaintiff's opposition until July 12, 2006, when the opposition was entered on the Court's electronic filing system. Docket Entry No. 16.

summary judgment for Defendant granted. See Fed. R. Civ. P. 56(c).

## ARGUMENT

**I.        Plaintiff's Burden In Opposing Summary Judgment**

A party may defeat a properly-supported summary judgment motion only by providing a "response, by affidavits or as otherwise provided in this Rule, [setting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("a party who fails to make a showing sufficient to establish the existence of an element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment). If the non-movant's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. 249-50 (internal citations omitted). The non-movant may not manufacture genuine issues of material fact on the basis of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations" or "unsubstantiated assertions." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir.1993).

In this case, Plaintiff has utterly failed to meet his burden in opposing Defendant's Motion For Summary Judgment, and the Court should grant summary judgment for Defendant. See Fed. R. Civ. P. 56.

## II.     Plaintiff's Opposition Concedes His Claims.

Plaintiff fails to dispute any of Defendant's Statement of Material Facts Not In Genuine Dispute.  Pl. Opp. to SOF.  Accordingly, these facts are sufficient, in and of themselves, to rebut all of Plaintiff's claims in this case, and Defendant is entitled to judgment as a matter of law. See, e.g., Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151-54 (D.C. Cir. 1996)(summary judgment appropriate where plaintiff conceded the movant's statement of material facts and such facts were "adequately supported by the record").

Additionally, Plaintiff's Opposition Memorandum asserts only that he is unhappy with the content of the material produced by Defendant, and he altogether fails to address the other arguments raised by Defendant's Motion.  See Pl. Opp. ¶ 7.  It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded."  Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002). Thus, all of Defendant's arguments concerning the adequacy of its search, statutory exemptions under the FOIA and Privacy Act, and the release of all reasonably segregable material are unopposed, and any such claim in this case should be dismissed.  See, e.g., Stephenson v. Cox, 223 F. Supp.2d at 121 ("when a plaintiff files a response to a motion to dismiss but fails to

address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

Moreover, the only issues addressed in Plaintiff's entire opposition, which concern his dissatisfaction with the content of the material produced and that documents on former employees were not located, similarly must fail. Pl. Opp. at 1. "A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Plaintiff's Opposition makes only the conclusive assertion that "a genuine issue remains as to whether the Defendant's proffered justification for not fully complying is reasonable." Pl. Opp. ¶ 3. Yet Plaintiff does not provide support for his assertion and further fails to dispute any of Defendant's evidence concerning the adequacy of its searches. See generally Pl. Opp. Therefore, Plaintiff's bare conclusions of law and sweeping and unwarranted averments of fact are insufficient to survive Defendant's Motion For Summary Judgment, and Plaintiff's only claim concerning the propriety of Defendant's response should be dismissed.

**III.    EOUSA Satisfied Its Obligations Under The FOIA.**

EOUSA met its burden to establish that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). The Declaration of Anthony J. Ciccone and the attached exhibits, accompanying Defendant's Motion For Summary Judgment, describe the EOUSA's and the four USAO's searches in detail and establish that

5

Defendant made a good faith effort to conduct adequate searches for the requested records. See, e.g., id.; Decl. ¶¶ 8-12, 71-80, Exh. 3, 4, 7, 8, 11, 12, 14, 15, 18, 19, 21, 22, 25, 26, 28, 29. Defendant reasonably searched those systems in which it believed responsive records were likely to be located by splitting Plaintiff's request for search and processing purposes among the four USAOs specified in the request. See Ogelsby, 920 F.2d at 68; Decl. ¶¶ 8, 71. Following an initial search by each of the four affected Districts, EOUSA released to Plaintiff, in full and without redaction, the current Appointment Affidavits – reflecting both the appointment and oath of office of each AUSA – for those prosecutors whose records were on file in those USAOs. See Decl. ¶ 75; see also Decl., Exh. 4, 12, 19, 26 (March 15, 2006 initial release). With respect to those AUSAs no longer employed by the four identified USAOs, EOUSA directed Plaintiff to the Federal Records Center and advised that additional records may be available through the National Archives and Records Administration. See id.; see also Decl. ¶ 78, Exh. 8, 15, 22, 29.

Subsequently, on March 22, 2006, Plaintiff responded that he did not receive any "letters of appointment" in Defendant's March 15, 2006 release. See Decl., Exh. 5. Therefore, in order to address Plaintiff's concerns, and in an effort to minimize the pending issues of this litigation, on April 7, 2006, EOUSA issued another memorandum to the District USAOs, requesting that they conduct supplemental searches, on an expedited basis, for any responsive "letters of appointment" – notwithstanding that the previously released Appointment Affidavits reflect both the AUSA's appointment and oath of office. See Decl., Exh. 6, 13, 20, 27. Each of the four Districts then conducted a second manual search of District personnel files for any records that reasonably could be characterized as "letters of appointment" within the meaning of Plaintiff's request. See Decl. ¶¶ 22, 37, 52, 66, 77.

As a result of the Districts' supplemental searches, the Districts forwarded to EOUSA for processing all material that could be located and identified by the affected USAOs as being responsive to Plaintiff's request for "letters of appointment," and, in turn, EOUSA released to Plaintiff all responsive documents, noting that the supplemental release of AUSAs' conditional employment offers subject to successful background investigations and drug tests are not as probative of a prosecutor's authority as the SF-61 Appointment Affidavits previously furnished to Plaintiff.  See id.; see also Decl. ¶ 77.  EOUSA redacted only the prosecutors' home addresses under the Privacy Act and FOIA Exemption 6.  See id.; see also Decl. ¶ 78. See Decl. ¶ 78, Exh. 8, 15, 22, 29 (April 26, 2006 supplemental release).  Accordingly, all responsive documents that could be located by Defendant were released to Plaintiff in full, except for the redaction of the affected AUSAs' home addresses from five pages, and the documents were released at no cost to Plaintiff.[3]  See Decl. ¶ 81.

Because Defendant met its burden of demonstrating an adequate search, the burden shifted to Plaintiff to rebut the evidence by a showing of bad faith on the part of Defendant.  See SafeCard, 926 F.2d at 1202;  Miller v. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985).  It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims.  See, e.g., SafeCard, 926 F.2d at 1200.  In this case, Plaintiff's opposition fails to set forth any

---

[3] No FOIA processing fees were charged because Departmental regulations state that the first 100 pages of documents, and the first two hours of search time, are to be provided to non-commercial requesters free of charge – and, furthermore, "[w]henever a total fee . . . is $14.00 or less for any request, no fee will be charged." 28 CFR § 16.11(d)(4).  Here, the total pages released did not exceed the 100-page threshold, and the total search time reported was 2 hours and 48 minutes, of which the first two hours are free under the regulations.  See Decl., Exh. 3 and 7 (one hour of search time reported by USAO-FLS); Exh. 11 and 14 (13 minutes of search time reported by USAO-NCW); Exh. 18 and 21 (20 minutes of search time reported by USAO-DC); and Exh. 25 and 28 (one hour and 15 minutes of search time reported by USAO-TNM).

facts to dispute that the EOUSA and four involved USAO's conducted adequate searches, and Plaintiff certainly fails to show any bad faith on the part of Defendant. See Pl. Opp. The mere fact that Defendant's searches yielded records that did not fully satisfy Plaintiff fails to defeat Defendant's Motion For Summary Judgment. See Pl. Opp. ¶ 7; Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995)(even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent); Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993)(the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it); Flowers v. IRS, 307 F.Supp. 2d 60, 71 (D.D.C. 2004)(agencies are not required to create or compile new records in response to FOIA requests, nor are they required to answer questions posed as FOIA requests).

Additionally, the fact that Defendant did not locate any documents concerning former Assistant U.S. Attorneys fails to defeat Defendant's Motion For Summary Judgment. See Pl. Opp. ¶ 8; Decl. ¶ 78, Exh. 8, 15, 22, 29; Nation Magazine v. United States Customs Serv., 71 F.3d at 892. In accordance with Office of Personnel Management (OPM) procedures, Defendant properly advised Plaintiff that records regarding *former* employees may be sought by him directly from the Records Center in St. Louis, Missouri, to which former employees' records are retired. More specifically, OPM's operating manual in this area expressly states in pertinent part:

> Requests from the public for information from the folder of a former employee whose folder has been sent to the National Personnel Records Center should be addressed to the National Personnel Record Center, 111 Winnebago Street, St. Louis, MO 63118-4126.

See OPM *Operating Manual: Guide to Personnel Recordkeeping*, at page 6-8, *reproduced at* www.opm.gov/feddata/recguide.pdf.  See also Kinard v. Dept. of Justice, *et al.*, No. 05-452 (RMC), slip op. at 6, 2006 WL 1774366 at *3-4  (D.D.C. June 27, 2006) (sustaining adequacy of agency search where no records of former AUSA were located by EOUSA, because "[u]pon termination, the personnel file of an employee of a United States Attorney's Office is forwarded to the National Personnel Records Center in St. Louis"); *accord*  Leinenbach v. Dept. of Justice, No. 05-744 (GK), 2006 WL 1663506 at *1, *5 (D.D.C. June 14, 2006) (summary judgment proper where EOUSA informed Plaintiff that it maintained no documents relevant to his request and directed plaintiff to contact the NPRC, the repository for such records).[4]  For all these reasons, Defendant did not improperly withhold any documents and satisfied its obligations under the FOIA.

Accordingly, because Plaintiff has failed to show that Defendant "(1) 'improperly' (2) 'withheld' (3) 'agency records.'"  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136,

---

[4]  While EOUSA's responses inadvertently referred to the National Personnel Records Center (NPRC) as the "*Federal Records Center*" (FRC), that is a difference wholly without distinction here since EOUSA gave Plaintiff the correct address to which to send any requests for former employees' records at the NPRC (*i.e.,* 111 Winnebago Street, St. Louis, MO 63118).  See, *e.g.,* Exh. 4, 8, 12, 15, 19 and 22.  Additionally, this litigation does not involve an agency's undisputed duty to recall non-personnel case related records from the appropriate FRC for processing under FOIA.  *Cf.* Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 327 (D.C. Cir. 1999) (finding an adequacy-of-search issue based on Coast Guard's "failure to search the [FRC] it had identified as a likely place where the requested documents [*i.e.,* vessel log book entries] might be located").  As noted above, OPM guidelines expressly state that requests for information about former personnel should be addressed to the NPRC, and as reflected in the regulations of the National Archives and Records Administration (NARA) at 36 C.F.R. § 1250.8(b):  "Twentieth-century personnel and medical records . . . of former civilian employees of the Federal government are held at NARA's National Personnel Records Center (NPRC), located in St. Louis, Missouri [and] . . . [t]he NPRC processes FOIA requests under authority delegated by the originating agencies."  36 C.F.R. § 1250.8(b).

142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B), summary judgment for Defendant should be granted.[5]

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment for Defendant. See Fed. R. Civ. P. 56(c).

Dated: August 14, 2006

Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney

/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

---

[5] Defendant also notes that Plaintiff's opposition requests that he be awarded costs pursuant to 5 U.S.C. § 552(a)(4)(E). However, subsection (a)(4)(E) does not authorize the award of fees to a pro se non-attorney. See, e.g., Kay v. Ehrler, 499 U.S. 432 (1991).

## CERTIFICATE OF SERVICE

I certify that the foregoing **Reply In Support of Defendant's Motion For Summary Judgment** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **CORNELIUS SINGLETON**
> **60442-004**
> **JESUP FCI**
> **2680 HIGHWAY 301 SOUTH**
> **JESUP, GEORGIA**

on this  14th  day of August, 2006.

_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530