UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CORNELIUS SINGLETON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-2413 (EGS) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff challenges the disposition of his FOIA requests by the the Executive Office for United States Attorneys ("EOUSA").  Defendant has filed a motion for summary judgment.  Plaintiff has filed an opposition to defendant's motion.  Because the Court concludes that EOUSA has complied with FOIA, defendant's motion will be granted.

**Background**

On October 26, 2005, plaintiff sent a FOIA request to EOUSA for "letters of appointment and oath[s] of office" of 13 individually named current and former Assistant United States Attorneys ("AUSAs").  Compl. ¶ 5 & Exh. A; Decl. of Anthony J. Ciccone ¶ 6.  The AUSAs were employed in four different United States Attorney's Offices: the Southern District of Florida ("USAO-FLS"), the Western District of North Carolina ("USAO-NCW"), the District of Columbia ("USAO-DC),

1

and the Middle District of Tennessee ("USAO-TNM"). *Id.* ¶ 8. On November 29, 2005, before EOUSA responded to his request, plaintiff filed this action. Compl.; Decl. of Anthony J. Ciccone ¶ 13.

In response to plaintiff's complaint, on February 7, 2006, the EOUSA sent a memorandum to the four USAOs requesting that they expedite the processing of plaintiff'a request. *Id.* Exhs. 2, 10, 17, 24. On March 15, 2006, after records searches by the four USAOS named in plaintiff's request – USAO-FLS, USAO-NCW, USAO-DC, and USAO-TNM – EOUSA released to plaintiff without redaction appointment affidavits – which includes the oath of office – for the currently employed prosecutors listed by plaintiff. *Id.* ¶¶ 7 n. 1, 17 & Exh. 4, 33 & Exh. 12, 47, 48 & Exh. 19, 62 & Exh. 26. The records on the remaining prosecutors named in plaintiff's request could not be located because they were no longer employed by the USAOS. *Id.* ¶ 19 & Exh. 4, 23, 24 & Ex. 12, 35, 36 & Exh. 19, 46, 47 & Exh. 26. Plaintiff was advised that he could receive this information from the Federal Records Center. *Id.*

On March 22, 2006, plaintiff responded to EOUSA's dispositions of his FOIA requests. *Id.* ¶ 20 & Exh. 5. Plaintiff informed defendant that he did not receive "letters of appointment detailing the tenure of the position or any extension that may have been granted over the tenure period." *Id.* On April 26, 2006, EOUSA issued a supplemental release of these documents in part, redacting the home addresses of the AUSAS under FOIA Exemption 6. *Id.* ¶¶ 25, 40, 55, 68, 69.

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

**Discussion**

*Adequacy of the Search*

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg*

*v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id*. at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness.  *Oglesby*, 920 F.2d at 68.

   The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results.  *Weisberg v. DOJ*, 745 F.2d at 1485.  An agency's failure to find a particular document does not undermine the determination that the search was adequate.  *Wilber v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987).

   Plaintiff's request to the EOUSA sought "letters of appointment and oath of office" for 13 AUSAs who are or were employed in four separate USAOs.  The four offices were the most reasonable locations to search because personnel records are decentralized among more than 100 individual offices.  Decl. of Anthony J. Ciccone ¶ 72.  Each USAO has a designated FOIA contact.  *Id*.  In response to plaintiff's requests, the four offices did a manual search of personnel records for any document that could reasonably be encompassed by plaintiff's requests.  *Id*. ¶¶ 74, 77.  The

searches yielded 27 pages of records. *Id.* ¶ 81.

Plaintiff does not challenge the defendant's search methods, but rather that the searched did not produce "any material detailing the full scope of the various prosecutors duties, whether they were employed to litigate criminal matters or purely civil matters on behalf of the United States." Pl.'s Opp. to Mot. for Summ. J. at 2-3. Plaintiff's claim is without merit. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Id.*; *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search. *See Weisberg*, 745 F.2d at 1485 (focus of court's inquiry is on reasonableness of search, not whether undisclosed records may exist).

The EOUSA has provided sufficient evidence to demonstrate that its search was adequate. The search produced the records requested by plaintiff. Thus, the Court finds the EOUSA's search in response to plaintiff's FOIA request to be adequate and in compliance with the agency's obligations under the statute.

*Exemption 6*

The EOUSA relies on FOIA Exemption 6 to justify its redactions of residential addresses of AUSAs. *See* Decl. of Anthony J. Ciccone , ¶ 81. This exemption concern the privacy interests of third parties and requires the Court to balance their privacy interests against the public interest in disclosure. *See National Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *United States Dep' t of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 773-75 (1989). Exemption 6 prohibits the release of " personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." *See* 5 U.S.C.

§ 552(b)(6). This exemption protects from disclosure all information that "applies to a particular individual" in the absence of a public interest in disclosure. *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1980). Courts have broadly interpreted the term "similar files" to include most information applying to a particular individual. *Kidd v. United States Dep't of Justice*, 362 F.Supp. 2d 291, 296 (D.D.C. 2005).

The EOUSA asserts that disclosure of the home addresses could subject the named prosecutors and their families to threats, harassment, retaliation, and physical danger from individuals with criminal convictions who are dissatisfied with their treatment by the criminal justice system. Decl. of Anthony J. Ciccone ¶ 85. The privacy interest of federal employees includes the right to control information the disclosure of which could subject them to harassment in their official or private lives. *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487 (D.C.Cir. 1980). However, the threat to the employee's privacy mist be real rather than speculative, *Rose*, 425 U.S. at 380 n. 1 (need full cite), as if dependant on the nature of their employment. *Elec. Privacy Info. Ctr. v. Dep't of Homeland Security*, 384 F. Supp. 2d 100, 116 (D.D.C. 2005).

By its very nature, a prosecutor's duties will arouse the animosity of those they prosecute, family members, and criminal accomplices. Disclosure of the AUSAs home addresses would constitute a clearly unwarranted invasion of personal privacy.

Once a privacy interest is identified under Exemption 7(C), the FOIA records requestor must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Favish*, 541 U.S. at 172. The only public interest relevant for purposes of 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *Reporters Comm.*, 489 U.S. at 773).

Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest. *Blanton v. U.S. Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999)(quoting *Davis*, 968 F.2d at 1282). The requestor must provide evidence that would warrant a belief by a reasonable person that government impropriety might have occurred. *Favish*, 541 U.S. at 174.

    Plaintiff does not allege that the AUSAs engaged in misconduct or identified a public interest in disclosure that outweighs their privacy interests of the third parties. The fact that plaintiff may seek the information to advance a private agenda, however, is irrelevant. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C. Cir. 2005)(plaintiff's need for records to pursue civil suit irrelevant), *cert. denied*, 126 S.Ct. 1627 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003)(no public interest in disclosure of information to assist plaintiff in challenging conviction). As Plaintiff has offered no public interest to counterbalance these privacy considerations, the EOUSA's redactions of the addresses were proper.

    Plaintiff challenges EOUSA's withholding records of records on former AUSAs. EOUSA advised plaintiff that the USAOs did not maintain those records and that plaintiff coudl request the records from the Federal Records Center. For an agency to have improperly withheld records, it must have possession or control over the record. *Nat'l Sec. Archive v. Archivist of the U.S.*, 909 F.2d 541, 546 (D.C. Cir. 1990). The FOIA does not require an agency to create and retain records, but rather to provide access to records that have been retained. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 130, 151-52 (1980). The fact that the agency once possessed potentially responsive records that subsequently have been destroyed does not preclude the entry of summary judgment for the agency. *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 65 (D.D.C. 2003). The FOIA does not require agencies to retain records. *Wilbur v. CIA*, 355 F.3d 675, 678 (

D.C. Cir. 2004).

*Segregability*

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). A Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed the agency's declarations , the Court concludes that the EOUSA has withheld only the records or portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released. *See* Decl. of Anthony J. Ciccone ¶¶ 90-92. With respect to these records, the agency declarations and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

**Conclusion**

Based on the foregoing, the Court will grant summary judgment in favor of defendant. An appropriate order accompanies this Memorandum Opinion.

_____
EMMET G. SULLIVAN
United States District Judge

DATE: 11-1-06